# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE, | CASE NO. 1:05-CV-00150-AWI-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE |
| v. | |
| NORTH KERN STATE PRISON, et al., | |
| Defendants. | (Doc. 27) |

I.  Findings and Recommendations - Defendants' Motion to Dismiss

   A.   Procedural History

Plaintiff Cedric Greene ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed August 24, 2005, against defendants Weaver, DelaRosa, Stebner, and Rivera ("defendants") for retaliation, based on the allegation that defendants segregated plaintiff for one-hundred ninety-three days after he complained in writing about a correctional officer.[1] On September 18, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the

///
///
///

---

[1] Plaintiff's amended complaint does not contain any other claims for relief which are cognizable under section 1983.

1

available administrative remedies. Plaintiff filed an opposition to the motion on September 29, 2006, and defendants filed a reply on October 4, 2006.[2]

B.  Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated, Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion of the prison's administrative process must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.  Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 25, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 18.)

Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

Defendants argue they are entitled to dismissal of this action because plaintiff failed to exhaust his retaliation claim. Defendants contend that plaintiff's inmate appeal attached to his amended complaint as evidence he exhausted neither grieved the retaliation claim against them nor demonstrated exhaustion, as the appeal was screened out. (Doc. 14, Amend. Comp., Attach.) Further, defendants contends that plaintiff did not file an appeal grieving his retaliation claim, and two appeals plaintiff did file concerning prison conditions were not pursued beyond the first level of review. (Doc. 27, Motion, Exhibit B, Ojeda Dec., ¶5.) The one appeal plaintiff pursued to the Director's Level of review concerned possession of controlled medication. (Id., Exhibit C, Grannis Dec., ¶¶7, 8.)

Plaintiff opposes defendants' motion on the ground that his screened out appeal demonstrates that he exhausted. (Doc. 29, Opp.) Plaintiff contends that screened out appeals may not be appealed and he could not move forward with the process. (Id.) Plaintiff also contends that the appeal placed prison officials on notice as to his claim. (Id.)

First, the Court agrees with defendants that the appeal submitted by plaintiff did not grieve the claim against them in this action. Plaintiff is proceeding on his claim that defendants retaliated against him for complaining about a fellow officer by placing him in administrative segregation from October 6, 2003, to April 15, 2004. In his appeal, dated April 2, 2004, plaintiff set forth his entitlement to time credits while in administrative segregation, and requested he be awarded time credits and released from segregation. In section D of the appeal, dated August 11, 2005, plaintiff later contended he was segregated "illegally." Neither section completed by plaintiff satisfies the exhaustion requirement with respect to plaintiff's retaliation claim, as there is nary a mention that plaintiff was retaliated against for complaining about an officer. Further, plaintiff is required to exhaust prior to filing suit, so his attempt to pursue the appeal to a formal level on August 11, 2005,

3

more than a year after he originally submitted the appeal, would not satisfy the exhaustion requirement in any event, as it occurred after suit was filed.  McKinney, 311 F.3d at 1199-1201.

Second, plaintiff's appeal was screened out on April 7, 2004.  Plaintiff was informed that he had not attempted to informally resolve his appeal, that he must send a GA22 to his CC [3], and that all appeals must be signed.  At the time plaintiff filed his amended complaint, it was the law of this Circuit that exhaustion occurred when an inmate's appeal was barred by the appeals coordinator on procedural grounds and "no further level of appeal remained in the state prison's internal appeals process."  Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005).  Subsequently, United States Supreme Court reversed the Ninth Circuit's decision in Ngo and held that "*proper* exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal."  Ngo v. Woodford, 126 S.Ct. 2378, 2382 (2006) (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."  Id. at 2386.

Receipt of the decision to screen out plaintiff's appeal did not constitute exhaustion and thereby relieve plaintiff of his obligation to follow the proper procedure.  Pursuant the Supreme Court's decision in Ngo, the Court finds that plaintiff failed to exhaust the administrative remedies as mandated by section 1997e(a).

D.   Conclusion

For the foregoing reasons, the Court finds that plaintiff did not exhaust the available administrative remedies.  Accordingly, the Court HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed September 18, 2006, be GRANTED, and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust the available administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

---

[3] Presumably Correctional Counselor.

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 25, 2006**                              **/s/ Sandra M. Snyder**
icido3                                                    UNITED STATES MAGISTRATE JUDGE